UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

PAMELLA WILLIAMS, on behalf of herself
and all other similarly situated,

|  |  |
|---|---|
| Plaintiffs, | NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FRCP 55(b)(2) AND INJUNCTIVE RELIEF |
| v. |  |
|  | 1:20-cv-01741-RA |
| LORAC COSMETICS, LLC, |  |
| Defendant, |  |

PLEASE TAKE NOTICE, that Plaintiff, PAMELLA WILLIAMS, shall move this Court, at a date and time to be set by this Honorable Court, for the entry of judgment by default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and Local Rule 55.2(b), against Defendant, LORAC COSMETICS, LLC, and for any other relief that this Honorable Court may deem just and proper. The reasons supporting the Plaintiff's request for entry of judgment by default are set forth within the attached Affirmation of David P. Force, Esq., along with sufficient facts, the attached Certificate of Default dated July 28, 2020 (Ex. C), and other documents appearing in the Court's file and upon such evidence, oral or documentary, as may be presented prior to or at the hearing upon this motion.

Dated: August 11, 2020

Respectfully Submitted,

<u>/s/ David P. Force</u>
David P. Force, Esquire
Stein Saks, PLLC
285 Passaic Street, 12th Floor
Hackensack, NJ 07601
Tel: (201) 282-6500 / F: (201) 282-6501
Email: dforce@steinsakslegal.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Docket No: 1:20-cv-01741-RA

PAMELLA WILLIAMS, on behalf of herself
and all other similarly situated,

      Plaintiffs,      **AFFIRMATION OF**
                 **DAVID P. FORCE, ESQ.**

 v

LORAC COSMETICS, LLC,

      Defendant,

---

  I, David P. Force, affirm under the penalties of perjury, pursuant to 28 U.S.C. § 1748:

  1. That I am an attorney, admitted to practice in the State of New York, and the United States District Court, for the Southern District of New York.

  2. That I am the counsel for Plaintiff in the above stated matter, in which a Class Action Complaint was filed on February 27, 2020, (Ex. A) and personally served upon Defendant, LORAC COSMETICS, LLC, through its Registered Agent; with proof of service filed on May 27, 2020. (Doc. 6) (Ex. B)

  3. That the Complaint was commenced against the Defendant, LORAC COSMETICS, LLC., pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq., and New York City Civil Rights Law § 40 et seq., premised upon Defendant's failure to conform their website, www.lorac.com, to be accessible equally and uniformly to disabled individuals.

  3. That Plaintiff's Prayer for Relief, included both preliminary and permanent injunctions; a declaration of Defendant's non-compliance; and Order certifying the Class and Sub-Classes under Fed.R.Civ.P. 23(a) & (b)(2) and/or (b)(3); compensatory damages under New

York City Rights; pre and post-Judgment interest; and award of costs and expenses, and reasonable attorney and expert fees, along with such other and further relief as the Court may deem just and equitable.

4. That Defendant's time in which to file their Answer expired, and on July 27, 2020 a Certificate of Default was requested, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") after Defendant failed to file an Answer or otherwise plead. On July 28, 2020, the Clerk of the Court pursuant to Rule 55(a) issued an Entry of Default against the Defendant. (Ex. C)

5. Accordingly and pursuant to the Service Members Civil Relief Act, Title 50, United States Code, Section 521, your affiant has no reason to believe that the putative Defendant is a minor or currently enlisted, warranted, or commissioned in military service and unable to respond to these proceedings.

6. That a Judgment of Default is only applicable against the Defendant in this action, LORAC COSMETICS, LLC

7. Plaintiff asserts that this Court may, pursuant to 28 U.S.C. §§ 2201, 2202, issue an Order for declaratory judgment; an Order for Permanent Injunction, pursuant to 42 U.S.C. § 12188(a)(2); Penalties and Punitive Damages, pursuant to New York City Civil Rights Law § 40-d, and Administrative Code § 8-120(8) and 8-126(a), and 8-502; Costs relating to the filing of the action, and reasonable attorney fees in the amount to be determined by this Honorable Court.

8. That the time for which any individual, or entity, to file a verified Answer or to move otherwise with respect to the Class Action Complaint in the instant case has expired.

**WHEREFORE**, it is hereby requested that the Court enter a Judgment of Default against Defendant in accordance with Rule 55(b)(2) of the Fed.R.Civ.P., and for such other and further relief as this Honorable Court may deem just, and equitable.

          Respectfully Submitted,

          /s/ *David P. Force*
          David P. Force, Esq.
          Stein Saks, PLLC
          285 Passaic Street
          Hackensack, NJ 0760
          Tel: (201) 282-6500
          Email: Dforce@steinsakslegal.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

PAMELLA WILLIAMS, on behalf of herself and
all others similarly situated,
                    Plaintiff,

                                                1:20-cv-01741-RA

 -against-                                      **PROPOSED DEFAULT JUDGMENT**


LORAC COSMETICS, LLC,
                    Defendant,
_____

       This action having been commenced on February 27, 2020, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on Defendant, on March 20, 2020, by the utilization of Supreme Judicial Services, Inc., and a proof of service having been filed on (May 27, 2020) , and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

       **ORDERED, ADJUDGED AND DECREED:**

       a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York, is hereby granted as follows:

            A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

       b.    A declaration that Defendant owns, maintains and/or operates its

Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

c.  An order certifying the Class and Sub-Classes under Fed. R. Civ. P. b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

d.  Compensatory damages in the amount of $500, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of their civil rights under New York City Law;

e.  Pre and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

g.  A hearing to be held in the courthouse to determine the specific amount of damages, civil penalties, and reasonable attorney fees; and

h.  Such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York

_____

United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

PAMELLA WILLIAMS, on behalf of herself and
all others similarly situated,                                         1:20-cv-01741-RA

                          Plaintiff,

  -against-                                                                   **STATEMENT OF DAMAGES**


LORAC COSMETICS, LLC,

                       Defendant,
_____


**Compensatory Damages,** pursuant to New York State Human Rights Laws ("NYSHRL");

New York City Human Rights Laws ("N.Y.C.H.L")…………………………$ 500.00

**Costs and Disbursements**

       Clerk's Fee ……………………………………………………....$400.00
       Process Server fee for service …………………………………........$120.00
       Attorney Fees …………………………………………………….TBD
       42 U.S.C. § 12205; N.Y.C. Admin. Code 8-502(f)

       Total …………………………………………………………...TBD

       **AFFIXED AS EXHIBITS**

       1. Complaint
       2. Proof of Service
       3. Certificate of Default

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PAMELLA WILLIAMS, on behalf of herself and
all others similarly situated,
                         Plaintiff,                1:20-cv-01741-RA

  -against-                               PETITION FOR THE AWARD OF
                                                COSTS AND FEES RELATED TO
                                                THE ACTION

LORAC COSMETICS, LLC,

                        Defendant,
_____

       PLEASE TAKE NOTICE that, on August 11, 2020, or such other date set by the Court, Plaintiff will move this Court, based on the declaration of David P. Force, Esq., and all documents attached thereto, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees, Costs, pursuant to the Americans with Disabilities Act ("A.D.A.") and the New York City Human Rights Law ("N.Y.C.H.R.L."), 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f), as the Defendant has failed to enter an appearance or otherwise meaningfully respond, and for such other and further relief as this Honorable Court may deem just and proper.

Dated: August 11, 2020

                                                                Respectfully Submitted,

                                                                /s/ David P. Force
                                                                David P. Force, Esq.
                                                               Stein Saks, PLLC
                                                               285 Passaic Street 12th Floor
                                                               Hackensack, NJ 07601
                                                              Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

PAMELLA WILLIAMS, on behalf of herself and
all others similarly situated,

                      Plaintiff,                      1:20-cv-01741-RA

 -against-                                       MEMORANDUM OF LAW IN
                                                               SUPPORT FOR COSTS AND FEES

 LORAC COSMETICS, LLC,


                              Defendant,
_____

        ("Plaintiff") brings this action against ("Defendant"), alleging various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a); following the entry of a Order of Default for Defendant's failure to appear; and respectfully submits the foregoing in support of a Motion for the award of costs, and fees related to the instant action.

        **I. Introduction**

        Plaintiff, PAMELLA WILLIAMS, is a permanently blind individual, a resident of the State of New York, who must utilize screen-reading software to navigate the internet. Plaintiff uses the commercially available NVDA screen-reading program and is a proficient user of this particular program. Defendant, LORAC COSMETICS, LLC, is a Foreign Limited Liability Company registered to do business in New York that operates a website, which offers consumers features to access the goods and services which Defendant offers in connection with its website

        As stated within the Compliant, on a number of occasions, the last time in January 2020, Plaintiff attempted to access the subject Website, to no avail. Plaintiff encountered a multitude of access barriers which prevented him from successfully navigating and discerning the

offered goods, services, and information in relation to this corporation. The Complaint alleged various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a).

Plaintiff instituted action against the Defendant by the service of such Complaint on March 20, 2020. Defendant had 21 days in which to file an Answer or request an extension. Defendant failed to reply and on July 27, 2020, Plaintiff moved for a Certificate of Default, which was issued by the Clerk of the Southern District of New York on July 28, 2020. Contemporaneously, Plaintiff petitions this Honorable Court for the issuance of a Default Judgment, pursuant Federal Rules of Civil Procedure ("FRCP"), Rule 54(b) and 55(b), based upon Defendant's failure to meaningfully respond.

### II. Legal Authority For Fees, and Costs

Pursuant to the A.D.A., the Court may award reasonable attorney fees and costs to the prevailing party in a civil rights action. The ADA provides that:

> in any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee, including litigation expenses and costs ….

*See*, 42 U.S.C. § 12205

Indeed, a presumption exists that successful civil rights litigants should ordinarily recover attorneys' fees and costs related to the litigation. See *Raishevic v. Foster,* 247 F.3d 337, 344 (2d Cir. 2001) (function of award of attorneys' fees is to encourage bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel).

The Supreme Court has held that, to qualify as a prevailing party, a civil rights plaintiff must obtain an enforceable judgment against the defendants from whom fees are sought. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Thus, the relief the plaintiff secures must directly benefit him at the time of the judgment. In short, a party "prevails" in a litigation when actual relief on the merits of his or her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Id. Accordingly, an Order of Default Judgment, for compliance to the ADA and NYCHRL as to the subject website, makes plaintiff a prevailing party entitled to litigation costs, and reasonable attorney fees.

Both statutes permit courts to award prevailing plaintiff's reasonable attorney fees and costs. See 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(a). Courts apply the same standard under both statutes to determine a reasonable award for a prevailing party's fees and costs. See *Hugee v. Kimso LLC.,* 852 F.Supp.2d 281, 297 (E.D.N.Y. 2012). These costs and out-of-pocket expenses are of the type routinely billed by Counsel's fee-paying clients, are necessary items incurred in the litigation process and may be awarded on this fee application. See e.g., *Reichman v. Bonsignore, Brignati & Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir. 1987).

Here, the attached Statement of Damages details the costs for instituting litigation in this case, and as to attorney fees, Plaintiff respectfully requests the sum to be determined by this Honorable Court, based upon the expenditure of time researching, drafting and preparation of documents. Upon demand, Plaintiff will submit a detailed fee petition.

Wherefore, based upon the authority above, Plaintiff respectfully requests that this Court issue an Order for costs, and reasonable attorney fees in relation to the instant litigation and for such other and further relief as this Honorable Court may deem just and proper.

August 11, 2020

                          Respectfully Submitted,

                          /s/ David P. Force
                          David P. Force, Esq.
                          Stein Saks, PLLC
                          285 Passaic Street 12th Floor
                          Hackensack, NJ 07601
                          Dforce@steinsakslegal.com
                          Attorney for Plaintiff