UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA WILLIAMS, *on behalf of herself and all others similarly situated*,

                Plaintiff,

        v.

LORAC COSMETICS, LLC,

                Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10-14-20

20-CV-1741 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Pamela Williams brings this putative class action against Lorac Cosmetics, LLC, pursuant to the Americans With Disabilities Act. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed her Complaint on February 27, 2020. Dkt. 1. On March 9, 2020, the Court ordered that, within thirty (30) days of service of the summons and complaint, the parties must meet and confer for at least one hour in a good-faith attempt to settle this action. Dkt. 5. The Court further ordered that within fifteen (15) additional days (i.e., within forty-five (45) days of service of the summons and complaint), the parties must submit a joint letter requesting that the Court either (1) refer the case to mediation or a magistrate judge (and indicate a preference between the two options), or (2) schedule an initial status conference in the matter. *Id*. Plaintiff filed an affidavit of service averring that Defendant was served on March 20, 2020. Dkt. 6. Defendant's answer was then due April 10, 2020.

    After Defendant failed to file a timely answer, the Court instructed Plaintiff on June 19, 2020 that if she intended to move for default judgment, she must do so by July 2, 2020. Dkt. 7. Plaintiff did

not do so.  On July 14, 2020, the Court extended this deadline to July 17, 2020.  Dkt. 8.  Plaintiff was informed at this time that "[i]f Plaintiff does not move for a default judgment or respond to this Order, the Court will dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id*.  Again, Plaintiff did neither.  On July 24, 2020, the Court extended Plaintiff's deadline until July 28, 2020.  Dkt. 9.  Again, the Court informed Plaintiff that "[i]f [she] does not move for a default judgment or respond to this Order, the Court will dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id*.

On July 27, 2020, Plaintiff filed a proposed certificate of default, Dkt. 10, and on August 11, 2020, filed a motion for default judgment, Dkt. 14, 18.  On August 19, 2020, the Court instructed Plaintiff to serve on Defendant a copy of the default judgment motion and any supporting papers no later than August 28, 2020.  Dkt. 19.  Plaintiff did not do so.  On September 14, 2020, the Court extended this deadline to September 18, 2020, informing Plaintiff that "failure to comply with this order may result in sanctions including involuntary dismissal for failure to prosecute." Dkt. 20.  Plaintiff did not meet this deadline.  On September 25, 2020, the Court extended this deadline to October 2, 2020, again informing Plaintiff that "[f]ailure to [serve the documents] may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Dkt. 21

To date, Plaintiff has not served the Defendant with the motion for default judgment as required by the Court's August 19, September 14, and September 25 Orders.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by

further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*. Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id*. at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc*., 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b).

First, the duration of Plaintiff's non-compliance is significant.  Plaintiff has not complied with the Court's orders for two months, despite the Court issuing three orders directing her to do so and granting her multiple extensions of time to comply. *See, e.g., Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue").  Moreover, Plaintiff has engaged in this non-compliant behavior previously, having missed two deadlines set by the Court to file her motion for default judgment despite multiple notices and extensions of time to file.

Second, Plaintiff was on notice that her failure to comply would result in dismissal.  In both the September 14, 2020 Order and its September 25, 2020 Order, the Court explicitly warned Plaintiff that this action may be dismissed if she failed to respond. Dkt 20–21; *see also Mitchell*, 708 F.3d at 468

(holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").

Third, Plaintiff has been given multiple opportunities to be heard, as witnessed by the Court's repeated extensions of filing deadlines for Plaintiff's benefit. And fourth, this case has been pending for approximately eight months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. These four factors weigh in favor of dismissal.

Because there is some countervailing evidence, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Primarily, this action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Moreover, given that the Defendant here has failed to appear or comply with any filing deadlines, the Court cannot conclude that Defendant would suffer any prejudice if this litigation were allowed to continue. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to comply with the Court's orders. *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case, and to mail this Order to Defendant.

SO ORDERED.

Dated:   October 14, 2020
         New York, New York

                                                RONNIE ABRAMS
                                                United States District Judge